IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01412–MSK–KMT

JOE LOUIE MENDOZA,

    Applicant,

v.

J. M. WILNER, Warden

    Respondent.

## **ORDER**

This matter is before the court on Applicant's "Motion Requesting the Court to Expand the Record with the Affidavit of Michael Westover." [Doc. No. 38, filed September 24, 2010] ("Motion").

Applicant requests the record be supplemented by adding an Affidavit from Michael Westover, a fellow inmate, regarding his experience with an unrelated incident report accusing inmate Westover of the use of narcotic substances. (Mot. at 4.) Applicant claims that consideration by the court of the Westover Affidavit "can aid this Court in determining if Applicant was in fact treated differently from others who were similarly situated as Applicant." (Mot. at 3.)

This court issued a Recommendation to the District Court concerning Applicant's original "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241." [Doc. No. 36,

filed August 20, 2010] ("Rec."). As noted in the Recommendation, the review of Applicant's disciplinary proceeding on June 10, 2008 was "limited to whether the three steps[1] mandated by *Wolff* [*v. McDonnell*, 418 U.S. 539, 556 (1974)] were followed and whether there was some evidence to support the disciplinary committee's findings." (Rec. at 8 (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) and *Diaz v. McGuire*, No. 05-3149, 2005 WL 3036561, at **2-3 (10th Cir. Nov. 14, 2005)(stating that prison regulations are not designed to confer rights on inmates and the process which is due is measured by the Due Process Clause).)

The court addressed Applicant's equal protection claim—that other inmates with disciplinary hearings were somehow treated differently than how he was treated—at length in the Recommendation. (Rec. at 19-21.) Through the use of the Westover Affidavit, Applicant once again attempts to compare himself to another inmate whose disciplinary action was dismissed. The Westover Affidavit states that Inmate Westover ". . . went before the disciplin [sic] hearing officer, V. Petricka [and t]he disciplin [sic] hearing officer V. Petricka expunged the [violation] . . . because the officer who obtained the urine specimen did not follow proper prison procedures for obtaining and handling the urine specimen." (Mot. at 4.) Implicit in the statement is that the Disciplinary Hearing Officer actually made a finding that the procedures for handling the urine specimen for inmate Westover were deficient to such an extent that the

---

[1] Adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with 1) written notice of the charges against him no fewer than twenty-four hours in advance of the disciplinary hearing, 2) an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and 3) provision of a written statement by the fact finder of the reasons for the decision and the evidence upon which the fact finder relied. *See Wolff*, 418 U.S. at 563-66.

charged use of illegal substances could not be proved.  Notably absent is any discussion regarding the factual underpinning of the Westover matter or the evidence presented at the hearing.  In contrast, in this case "[t]he record shows that the DHO did consider the possibility of failure to maintain a pristine chain of custody on Applicant's specimen and gave the specimen and its laboratory analysis what weight she believed it deserved."  (Rec. at 14.)  What a different officer, with a different factual record concluded in an unrelated case with different evidence is completely irrelevant to whether the Applicant herein received due process in his disciplinary hearing.

Because the Westover Affidavit is altogether irrelevant to the considerations to be applied by this court to Applicant's Petition,

It is **ORDERED** that

Applicant's "Motion Requesting the Court to Expand the Record with the Affidavit of Michael Westover" [Doc. No. 38] is **DENIED**.

Dated this 28th day of September, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

3